# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRENDA WOOD,

    Defendant.

Case No. 14-CR-20065-JAR

## MEMORANDUM AND ORDER

On November 9, 2016, the Court set the trial date in this case to June 26, 2017, after hearing from the parties and determining that trial continuance outweighed the best interest of the defendant and the public in a speedy trial due to voluminous discovery, and defense counsel's need to fully review the materials and prepare a defense, under 18 U.S.C. § 3161(h)(7).[1] On November 14, 2016, the Court issued an order granting in part and denying in part Defendant's motion for separate trials.[2] The Court severed Count 6–10 from Counts 1–5 and Counts 11–26. On April 26, 2017, on the Court's own motion, trial was moved up one week to June 19, 2017. On May 2, 2017, the Court held a status conference and set deadlines for the separate trials.[3] Counts 1–5 and 11–26 were to be tried on June 22, 2017; Counts 6–10 were to be tried on August 15, 2017.

On May 23, 2017, Defendant filed a Motion to Continue Trial (Doc. 130). The Court held a status conference on this motion on May 31, 2017. The Court expressed concern about continuing the trial date because the Court had "a trial date set in this matter for a long, long

---

[1] Doc. 117.

[2] Doc. 118.

[3] Doc. 123.

time" and now "the Government has some voluminous discovery [] just provided to the defense." The Court granted Defendant's motion to continue the jury trial given the voluminous discovery submitted to Defendant. However, the Government explained that the additional discovery was unrelated to Counts 6–10. The parties agreed that the jury trial on Counts 6–10 could go forward, and set a trial date for July 13, 2017. The Court also set pretrial deadlines for the first trial, and indicated it would set a new trial date for Counts 1–5 and 11–26 following the trial for Counts 6–10.

On July 12, 2017, the day before trial, Defendant notified the Court of her intent to plead guilty to Count 6, and the Court held a change of plea hearing that day. The Court accepted the binding plea agreement to Count 6, and agreed to dismiss counts 7–10 at the time of sentencing. At the conclusion of the change of plea hearing, the Court set the sentencing hearing on Count 6 for October 24, 2017, and set trial on the remaining counts for December 5, 2017. The parties advised the Court that trial on the remaining counts was expected to take four weeks.

Although the Court ruled on Defendant's May 23, 2017 motion at the May 31 status conference, at the time of that status conference the trial date was left to be set after the conclusion of the July 13, 2017 trial on Counts 6–10. Now that Defendant has pled guilty as to Count 6, the Court issues this Order to memorialize the reasons for its continuance of the remaining counts to be tried in this case on December 5, 2017.

The Court finds that this continuance is warranted because "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."[4] In determining whether to grant an ends-of-justice continuance, Court considers the factors listed in 18 U.S.C. § 3161(h)(7)(B):

---

[4] 18 U.S.C. § 3161(h)(7).

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice[;]
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section[;]
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex[; and]
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[5]

Although this case has not been designated as complex under subsection (h)(7)(B)(ii), the Court finds that it should be. This is a single-defendant case, but the nature of the prosecution and the existence of novel issues of fact and law justify a complex case designation. The case has been pending this long, due in no small part to the voluminous discovery involved, which Defendant has conceded multiple times on the record.[6] At the May 31, 2017 status conference, the Court heard from the parties about 10,000 pages of additional discovery provided by the Government on May 22, 2017. Prior to this production, 60,000 pages of documents had been provided in discovery, including a large number of bank and financial records.

---

[5] 18 U.S.C. § 3161(h)(7)(B).

[6] *See, e.g.*, Doc. 14 (explaining at November 18, 2014 status conference that counsel needed additional time to review the "voluminous" discovery); Doc. 140 (outlining voluminous discovery produced to Defendant in May 2017, necessitating continuing jury trial date).

In addition to voluminous discovery, this case involves difficult issues of law and fact. As outlined in the Court's severance order, the Superseding Indictment alleges 26 counts covering various periods of time: (1) Counts 1–5 charge bank fraud offenses occurring from 2006 to 2009; (2) Counts 6–10 charge ERISA offenses; and (3) Counts 11–26, charge post-indictment offenses in 2014, including bank fraud, wire fraud, aggravated identity theft, and committing a felony while on pre-trial release. The remaining counts allege that Defendant executed or attempted to execute a scheme to defraud Farmers Bank & Trust, N.A. ("Farmers Bank") from about June 2006 to March 2009, through fraudulent loans and lines of credit, and by fraudulently diverting funds. The remaining counts further allege fraud related to Defendant's conduct after the original charges were filed in this case, through the use of social security numbers not assigned to her. These are all complicated financial crimes that involve voluminous discovery, and difficult issues of fact and law. Additionally, Defendant received significant additional discovery in May, the parties and the Court wish to sentence Defendant on Count 6 prior to commencing trial on the remaining counts, and defense counsel has made a showing that she requires significant additional time to adequately prepare for trial.

For the reasons stated in Defendant's May 23, 2017 motion to continue, and on the record at the May 31, 2017 status conference and July 12, 2017 change of plea hearing, as supplemented by this Order, the Court finds that the ends of justice served by continuing this trial from June 22, 2017 to December 5, 2017, outweigh the best interest of the public and the defendant in a speedy trial.

**IT IS SO ORDERED.**

Dated: August 24, 2017

<u>S/ Julie A. Robinson</u>
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE